UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| **MIKE A. EASTMAN,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )     Case No. 2:21CV64 HEA |
| | ) |
| **KILOLO KIJAKAZI,** | ) |
| **Acting Commissioner of Social Security,** | ) |
| | ) |
|     **Defendant.** | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court for judicial review of the final decision of the Commissioner of Social Security denying the application of Plaintiff Mike A. Eastman for disability insurance benefits and supplemental social security income (SSI) under Titles II and XVI of the Social Security Act (SSA), 42 U.S.C. §§ 401, 1381, *et seq*. The Court has reviewed the filings and the administrative record as a whole, which includes the hearing transcript and medical evidence. The decision of the Commissioner will be affirmed.

## Background

Plaintiff applied for disability benefits on March 12, 2019. On June 25, 2020, a hearing was held in front of an Administrative Law Judge (ALJ). A supplemental hearing was held on November 17, 2020. In an opinion issued on January 15, 2021, the ALJ determined that Plaintiff was not under a disability at

any time from his alleged onset date of February 22, 2018. The ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. In her decision, the ALJ found Plaintiff had the severe impairments of degenerative joint disease of hands, osteoarthritis of the bilateral knees, lumbar degenerative disc disease, and rheumatoid arthritis. However, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. While the ALJ found none of Plaintiff's impairments met or medically equaled a listed impairment, the ALJ did find some limitations. Specifically, the ALJ found Plaintiff retained the residual functional capacity ("RFC") to perform medium work, as defined in 20 CFR 404.1567(c) and 416.967(c) with the following limitations:

> …[Plaintiff] is limited to lifting/carrying 50 pounds occasionally and 25 pounds frequently; is limited to sitting six hours; is limited to standing-walking six hours; is limited to occasional climbing ladders, ropes, and scaffolds; is limited to frequently climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; is limited to occasional exposure to excessive vibrations (such as a jackhammer); is limited to occasional exposure to workplace hazards, such as dangerous moving machinery (such as factory-type machinery with an unshielded blade) and unprotected heights; and is limited to frequent handling.

Based on vocational expert (VE) testimony, the ALJ found Plaintiff could perform his past relevant work as a combination job of safety inspector, customer service clerk and assembler production job. The ALJ also found, based on VE testimony, that there are other jobs that exist in significant number in the national

economy that Plaintiff could perform, such as a trimmer, cart attendant, and hospital cleaner. Therefore, the ALJ found Plaintiff not disabled.

Plaintiff filed a timely Request for Review of Hearing Decision, and the Appeals Council denied the request for review. Plaintiff has exhausted all administrative remedies. The decision of the ALJ stands as the final decision of the Commissioner.

## **Hearing Testimony**

At his hearing on June 25, 2020, Plaintiff, who was born February 1, 1961, was represented by counsel. Plaintiff was 59 years old at the time of his hearing and has a high school education. Plaintiff testified his most recent job was in 2018 when he worked in a factory for two months. He said he had to stop working due to the difficulty of working with injection molds, standing on his feet all day and the constant moving. Plaintiff testified he previously worked at a job from 2007 to 2016 building beverage dispensers on a production line and answering industry specific questions about the machines. He said in the last four or five years of that job, he mainly provided technical support when customers had issues with the machines, so he didn't have to do much heavy lifting. He testified that he could no longer perform any of his past work because of the rheumatoid arthritis in his hands, he cannot stand for long periods of time and his eyesight has gotten bad.

When asked about how long he could stand before sitting, Plaintiff said he could only stand for thirty minutes at a time before needing to sit because his back

3

and knees bother him. He estimated he can lift fifty pounds occasionally, but not repetitively, and could lift twenty pounds for about an hour. He cannot pick up small things, like screws, and it is hard to maintain a good grip on small things, like a screwdriver. He said his hand constantly felt swollen and hurt all the time. For pain medications, he takes hydroxychloroquine for rheumatoid arthritis in his hands, but doesn't take medication for his back pain. He described his back pain as "not like extreme pain, but just like a nagging." For his knee pain, Plaintiff testified a specialist identified the pain in his knees as arthritis, but he had also recently injured his left knee when he fell in February 2021.

 As for daily activities, he can't drive longer than an hour at a time because his feet will start to hurt. He thinks his New Balance shoes are causing his feet problems and wants to talk to somebody about those issues. His neighbor cuts his grass because it is too strenuous for him. In his home, he had the laundry room moved to the main floor from the basement to not have to walk up and down the steps as frequently. He also made a walk-in basement for easier access. He is able to dress himself and use zippers and big buttons on clothes. He has trouble cutting food and holding a fork for long periods of time. For cooking meals, his brother lives with him, and they take turns grilling food. In his free time, he likes to fish and golf, but keeping a grip on the equipment has gotten harder. He testified he usually spends his day on the computer and watching television.

A VE testified and identified Plaintiff's past relevant work as a hand packager, a production assembler, and a combination job of a production assembler with a customer service representative. After considering all of the evidence, the ALJ asked the VE a hypothetical question involving an individual with the Plaintiff's same age, education, work history and stating limitations in a manner consistent with the ALJ's RFC. In response, the VE testified that the individual could perform Plaintiff's past work as the production assembler done by itself, as it was generally performed at the light level. The VE also testified, consistent with the Dictionary of Occupational Titles (DOT), that individual could also perform other medium work jobs, including a trimmer, cart attendant and hospital cleaner, which positions existed in significant numbers in the national economy.

## **Legal Standard**

To be eligible for benefits under the Social Security Act, Plaintiff must prove that [s]he is disabled. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Secretary of Health & Human Servs.,* 955 F.2d 552, 555 (8th Cir. 1992). The Social Security Act defines disability as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). An individual will be declared disabled "only if his physical or mental impairment or impairments are of such severity that he is not

only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner engages in a five-step evaluation process to determine whether a claimant is disabled. *See* 20 C.F.R. § 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). At Step One, the ALJ determines whether the claimant is currently engaged in substantial gainful activity. At Step Two, the ALJ considers whether the claimant has a "severe" impairment or combination of impairments. At Step Three, the ALJ determines whether the severe impairment(s) meets or medically equals the severity of a listed impairment; if so, the claimant is determined to be disabled, and if not, the ALJ's analysis proceeds to Step Four. At Step Four of the process, the ALJ must assess the claimant's residual functional capacity (RFC) – that is, the most the claimant is able to do despite his physical and mental limitations, *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011) – and determine whether the claimant is able to perform any past relevant work. *Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (RFC assessment occurs at the fourth step of process).

The claimant bears the burden through Step Four of the analysis. If he meets this burden and shows that he is unable to perform his past relevant work, the burden shifts to the Commissioner at Step Five to produce evidence demonstrating that the claimant has the RFC to perform other jobs in the national economy that

exist in significant numbers and are consistent with impairments and vocational factors such as age, education, and work experience. *Phillips v. Astrue*, 671 F.3d 699, 702 (8th Cir. 2012).

The Court must affirm the Commissioner's decision if it is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir. 2010). Substantial evidence is less than a preponderance but enough that a reasonable person would find it adequate to support the conclusion. *Jones*, 619 F.3d at 968. Additionally, the Court must consider evidence that supports the Commissioner's decision as well as any evidence that fairly detracts from the decision. *Boyd v. Colvin*, 831 F.3d 1015, 1020 (8th Cir. 2016). If, after reviewing the entire record, it is possible to draw two inconsistent positions and the Commissioner has adopted one of those positions, the Court must affirm the Commissioner's decision; the Court may not reverse the Commissioner's decision merely because substantial evidence could also support a contrary outcome. *Id; See also, Fentress v. Berryhill*, 854 F.3d 1016, 1021 (8th Cir. 2017).

**Residual Functional Capacity (RFC)**

A claimant's RFC is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment

7

records, and the medical opinion evidence. *See Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir.2010); 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p.

## **Decision of the ALJ**

At Step One of the decision, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of February 22, 2018. At Step Two, the ALJ found that Plaintiff had the severe impairments of degenerative joint disease of hands, osteoarthritis of the bilateral knees, lumbar degenerative disc disease, and rheumatoid arthritis. However, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. While the ALJ found none of Plaintiff's impairments met or medically equaled a listed impairment, the ALJ did find some limitations. Specifically, the ALJ found Plaintiff retained the RFC to perform medium work, as defined in 20 CFR 404.1567(c) and 416.967(c), with the following limitations: Plaintiff is limited to lifting-carrying 50 pounds occasionally and 25 pounds frequently; is limited to sitting six hours; is limited to standing-walking six hours; is limited to occasional climbing ladders, ropes, and scaffolds; is limited to frequently climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; is limited to occasional exposure to excessive vibrations (such as a jackhammer); is limited to occasional exposure to workplace hazards, such as

8

dangerous moving machinery (such as factory-type machinery with an unshielded blade) and unprotected heights; and is limited to frequent handling.

At Step Four, the ALJ found Plaintiff could perform his past relevant work as a combination job of safety inspector, customer service clerk and assembler production job.

The ALJ continued to Step Five in the alternative. At Step Five, the ALJ found that there are jobs that exist in significant number in the national economy that Plaintiff could perform, such as a trimmer, cart attendant, and hospital cleaner. Based on VE testimony, the ALJ found Plaintiff could perform work. Therefore, the ALJ found Plaintiff not disabled.

## Statement of the Issues

Generally, the issues in a Social Security case are whether the final decision of the Commissioner is consistent with the Social Security Act, regulations, and applicable case law, and whether the findings of fact are supported by substantial evidence on the record as a whole. The issues here are (1) whether the RFC is supported by substantial evidence and the ALJ properly considered all of Plaintiff's impairments; and (2) whether the ALJ properly determined that Plaintiff could perform past relevant work and other work.

## Discussion

The ALJ carefully detailed her findings through her discussion of Plaintiff's impairments. As described above, this Court's role is to determine whether the

ALJ's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g); 1383(c)(3); *Richardson*, 402 U.S. at 401; *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002). So long as there is substantial evidence in the record that supports the decision, this Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).

**Whether the RFC is Supported by Substantial Evidence and the ALJ properly Considered All of Plaintiff's Impairments**

Plaintiff argues that the RFC finding is not supported by substantial evidence, and the ALJ did not properly consider all of Plaintiff's impairments.

"The Commissioner must determine a claimant's RFC based on all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of [his] limitations." *Hensley v. Colvin*, 829 F.3d 926, 931-32 (8th Cir. 2016) (citation omitted). "'Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace.' However, there is no requirement that an RFC finding be supported by a specific medical opinion." *Id.* at 932 (citation omitted). "[I]n evaluating a claimant's RFC, an ALJ is not limited to considering medical evidence exclusively. Even though the RFC assessment draws from medical sources for

10

support, it is ultimately an administrative determination reserved to the Commissioner." *Cox v. Astrue*, 495 F.3d 614, 619-20 (8th Cir. 2007) (citation omitted).

In *Polaski*, the Eighth Circuit held, in evaluating a claimant's subjective complaints and related functional limitations, the ALJ should consider: the absence of objective medical evidence; the claimant's prior work record; and observations by third parties (including treating and examining physicians) regarding such matters as (1) the claimant's daily activities; (2) the duration, frequency, and intensity of pain or other symptoms; (3) any precipitating and aggravating factor; (4) the dosage, effectiveness, and side effects of medication; and (5) the claimant's functional restrictions. *Polaski v. Heckler,* 739 F.2d 1320, 1322 (8th Cir. 1984). The Eighth Circuit recognized "[t]he ALJ is in the best position to gauge the credibility of testimony and is granted deference in that regard." *See Estes*, 275 F.3d at 724. If the ALJ explicitly discredits a claimant's subjective complaints and gives good reasons, the Eighth Circuit has held it will defer to the ALJ's judgment, even if the ALJ does not cite to *Polaski* or discuss every factor in depth. *See Schultz v. Astrue*, 479 F.3d 979, 983 (8th Cir. 2007); *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir. 2004).

The ALJ acknowledged Plaintiff's impairments and complaints of pain, finding some restrictions were necessary. The ALJ noted Plaintiff's allegations that his impairments cause constant pain in his hands and that he has pain in his knees

11

and lower back, which is worse with movement. However, after consideration of the record as a whole, the ALJ declined to find such limitations to warrant a finding of disability. For instance, the ALJ reviewed testing that showed mild to moderate degenerative changes at the IP joint of Plaintiff's thumb and that he had a decreased range of motion in the right wrist. In 2019, he wore a brace for carpal tunnel syndrome because of pain in his palm, but he did not have any reduced grip strength on the right wrist. In fact, a treatment note indicated excellent bilateral handgrip. Additionally, during the consultative examination, Plaintiff was observed to be able to button and unbutton a shirt, pick up and grasp a pen and write a sentence and lift, carry, and handle personal belongings with ease. He also reported that his pain and stiffness had improved and are better compared to a few months ago. Although the ALJ found the extent of his complaints related to his degenerative joint disease and rheumatoid arthritis of the hands not consistent with the medical evidence, the ALJ did agree limitations were necessary and limited him to frequent handling and occasional exposure to vibrations in the RFC.

      The ALJ also acknowledged his osteoarthritis of the bilateral knees and knee pain, which Plaintiff stated physical therapy had not helped the pain. The ALJ reviewed two of Plaintiff's x-rays, one which showed mild to moderate degenerative joint disease of the knees, and another that showed mild osteoarthritis in the bilateral knees. His treatment includes home exercises and a knee sleeve, but he was not recommended as a candidate for knee replacements. During the

consultative examination, Plaintiff was able to walk on heels and toes with ease. The ALJ agreed his knee osteoarthritis warrant some limitations and restricted him to frequent balancing, stooping, kneeling, crouching, and crawling in the RFC.

The ALJ found allegations with regard to his lumbar degenerative disc disease were overstated when compared to the medical evidence. The ALJ acknowledged that during the consultative examination, there was tenderness to palpation of the lumbar spine, and he had reduced range of motion as well as a positive straight leg test. Plaintiff was observed to rise from a sitting position without assistance but had some difficulty getting up and down from the exam table. A lumbar x-ray showed mild L5-S1 disc, facet degenerative changes, and stepwise grade 1 degenerative retrolisthesis of L4-5 and L5-S1. As a result, the ALJ found his lumbar impairment limits him to occasionally climbing ladders, ropes, and scaffolds, and frequently climbing ramps and stairs, and occasional exposure to workplace hazards because of the lumbar disc disease.

The ALJ discussed Plaintiff's daily activities and how they are not limited to the extent one would expect given the complaints of symptom and limitations. Plaintiff reported, and testified at his hearing, he is able to take care of his personal care needs and maintain his activities of daily living, like using a computer, cooking and grilling. Plaintiff's goes fishing and occasionally plays golf. He estimated during his hearing testimony that he can lift fifty pounds occasionally,

13

but not repetitively, and could lift twenty pounds for about an hour.[1] He described his back pain as "not like extreme pain, but just like a nagging."

The ALJ considered and found the opinion of State agency medical consultant, Dennis McGraw, D.O., persuasive. Dr. McGraw reviewed Plaintiff's medical records and opined he should be limited to lifting and carrying 50 pounds occasionally and 25 pounds frequently, limited to standing/walking for six hours and sitting for about six hours in an eight-hour workday and has unlimited push-pull capabilities. He is limited to frequently climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling, and can never climb ladders, ropes, and scaffolds. He found Plaintiff must avoid concentrated exposure to vibrations and hazards. Dr. McGraw also found no manipulative, visual, and communicative limitations and noted he had little problems ambulating despite his knee and lumbar impairments.

The ALJ considered the opinion of Andrew Van Bruggen, D.O., another State agency consultative examiner, who opined Plaintiff is limited to sitting 90 minutes, standing 30 minutes, walking four blocks, and lifting-carrying 20 pounds repetitively and 50 pounds occasionally. The ALJ agrees this assessment is

---

[1] The ALJ referenced Plaintiff's ability to travel to California, but Defendant was unable to locate evidence of this trip. However, this fact does not make any difference on the outcome of the ALJ's decision when considering the record as a whole. See *Sloan v. Saul*, 933 F.3d 946, 951 (8th Cir. 2019) ("[A] deficiency in opinion-writing is not a sufficient reason for setting aside an administrative finding where the deficiency had no practical effect on the outcome of the case.") (quotation omitted).

somewhat persuasive as it is consistent with the medical evidence regarding his conservative treatment, such as home exercises and a knee sleeve, and his daily additives. However, because he did not specify the scope of his restrictions, the ALJ found Dr. Van Bruggen's opinion only somewhat persuasive

Plaintiff's medical provider, Erin Marie Morrissey's, opinion was also found to be somewhat persuasive. She stated that Plaintiff's condition is stable, and noted that he can bear weight as tolerated and use a cane as needed. The ALJ found her opinion somewhat persuasive because it was supported by the medical evidence, which indicates that Plaintiff does not have any reduced grip strength on the right wrist and is consistent with his daily activities. However, the description of his abilities is not as detailed as other evaluations.

Plaintiff also argues that the ALJ failed to discuss record evidence showing moderate cervical spine stenosis and right shoulder and elbow malfunction, which should be determined as severe impairments. The ALJ is not required to discuss every piece of evidence in the record. See *Hensley v. Colvin*, 829 F.3d at 932; *Chaney v. Colvin*, 812 F.3d 672, 678 (8th Cir. 2016) (ALJ's failure to cite a specific piece of evidence does not mean that it was not considered). Further, the ALJ expressly stated that she "considered all symptoms" in evaluating Plaintiff's subjective complaints and determining her RFC.

To the extent that Plaintiff suggests that any medically determinable impairment is severe, he is incorrect. The Social Security Ruling (SSR) cited by

15

Plaintiff in support of his argument, SSR 99-3p, was superseded by SSR 03-3p in 2003, and both of these SSRs expressly apply to individuals aged 72 or older, so which does not apply here.

Under the regulations, a severe impairment must significantly limit an individual's capacity to perform basic work activities. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c), 404.1522(a), 416.922(a); *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007). Record evidence cited by the ALJ did not show significant limitations in Plaintiff's ability to work related to his cervical spine, right shoulder, and right elbow. For instance, the ALJ pointed out that Plaintiff was able to rise from a sitting position without assistance, and his self-reported daily activities of hunting, fishing, golfing, shopping in stores, driving, computer use, and performing household chores established greater functioning than alleged. *See* 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i); *Thomas v. Berryhill,* 881 F.3d 672, 676 (8th Cir. 2018). During Plaintiff's June 2019 consultative examination, he exhibited full range of motion in his cervical spine and bilateral shoulders and elbows, and also displayed full upper extremity strength and range of motion during other examinations. In fact, during a January 2020 examination, Plaintiff had no right upper extremity weakness, full strength, and normal neurological finding. At his hearing. he described his back pain as "not like extreme pain, but just like a nagging." Additionally, Plaintiff did not identify problems with his neck, right shoulder, or right elbow in his disability report. Plaintiff clearly failed to

16

establish that these impairments significantly limit his ability to perform basic work activities.

The ALJ acknowledged that Plaintiff does have physical impairments, which warrant some work restrictions. However, the ALJ's decision to discredit those complaints was in conjunction with the record as a whole, which the ALJ adequately explained with good reasons supported by substantial evidence. In explaining her findings, the ALJ need only "minimally articulate reasons for crediting or rejecting evidence of disability." *Strongson,* 361 F.3d at 1070 (citing *Ingram v. Chater*, 107 F.3d 598, 601 (8th Cir. 1997).

**Whether the ALJ Properly Determined that Plaintiff Could Perform Past Relevant Work and Other Work**

Plaintiff next challenges the ALJ's finding that he could perform his past relevant work and other work.

"Past relevant work is work that [Plaintiff has] done within the past 15 years, that was substantial gainful activity [SGA], and that lasted long enough for [Plaintiff] to learn to do it." 20 CFR 404.1560(b)(1). At the hearing, the VE identified Plaintiff's past relevant work as a hand packager, a production assembler, and a combination job of a production assembler with a customer service representative. After considering all of the evidence, the ALJ asked the VE a hypothetical question stating Plaintiff's limitations in a manner consistent with an RFC in the ALJ's decision. In response, the VE testified that the individual could

17

perform the assembler production job done by itself, as it was generally performed at the light level.

Plaintiff correctly argues that the ALJ mistakenly stated that Plaintiff could perform his past relevant work as a combination job of safety inspector (DOT 168.264-014, SVP 6, light), customer service clerk (DOT 241.367-014, SVP 5, sedentary) and assembler production job (DOT 706.687-010, SVP 2, light). Even with the error, the VE's testimony still supports a conclusion that Plaintiff could perform his past relevant work as a production assembler, a job generally performed at the light level. Additionally, the ALJ made alternative finding at Step Five.

At Step Five, based on the VE testimony, the ALJ found other jobs that exist in significant number in the national economy that Plaintiff could perform, such as a trimmer, cart attendant, and hospital cleaner. The hypothetical question was properly phrased, and the VE's testimony constitutes substantial evidence to support the ALJ's findings that Plaintiff could perform other work. *See Turpin v. Colvin*, 750 F.3d 989, 993 (8th Cir. 2014); *Grindley v. Kijakazi*, 9 F.4th 622, 629 (8th Cir. 2021) ("Even if we had concluded that the ALJ made some factual misstatements in his decision, we hold alternatively these errors would be harmless because Grindley still fails to meet the criteria to be considered disabled."); *York v. Colvin*, No. 2017 WL 35698, at *4 (E.D. Mo. January 4, 2017) ("[A]ny error in considering those jobs past relevant work was harmless. Because the record

18

showed and the ALJ found that Plaintiff was capable of performing other jobs in the national economy, the ALJ properly determined that Plaintiff was not disabled."). Thus, any error at Step Four is harmless, and the ALJ properly concluded Plaintiff is "not disabled."

## Conclusion

After careful review, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole. *Perkins v. Astrue,* 648 F.3d 892, 900 (8th Cir. 2011).

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED.**

A separate judgment will be entered incorporating this Memorandum and Order.

Dated this 17th day of March, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE